**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TONY COLLIER, # B-39900, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00658-GPM |
| ) | |
| OFFICER, LIEUTENANT, NURSE, ) | |
| M. SAUERWEIN, WARDEN OF ) | |
| MENARD CORRECTIONAL CENTER, ) | |
| INTERNAL AFFAIR LIEUTENANT, ) | |
| and LISA WEITECAMP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Tony Collier, an inmate currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 50-year sentence for murder, a 14-year sentence for robbery, and a 4-year sentence for aggravated battery of a police officer. The events giving rise to this action occurred at Menard Correctional Center ("Menard"). Plaintiff claims that during his incarceration at Menard, Defendants violated his constitutional rights by using excessive force against him, failing to provide adequate medical care, and denying him access to the courts. Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out any claims that lack merit. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

1

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Complaint**

Specifically, Plaintiff alleges that an unknown Menard correctional officer[1] and lieutenant[2] assaulted him in April or May 2012 (Doc. 1, pp. 6-7, 20-23). The two officers took Plaintiff from his cell to a "back room" (Doc. 1, pp. 20-21). While Plaintiff was handcuffed behind his back, the officers beat him by punching him and kicking him approximately twenty times. They threw him to the floor. When Plaintiff stood up, they punched him another ten times and threw him into the shower.

Later the same day, the unknown correctional officer took Plaintiff to the health care unit ("HCU") (Doc. 1, pp. 6-8). Plaintiff fell and hurt himself on the way. Upon his arrival at the HCU, Plaintiff told an unknown nurse[3] that he had fallen and was in pain. The nurse told Plaintiff that she did not care.[4] He was only there to receive his "forced medication." The nurse overmedicated Plaintiff, who was taken to the hospital as a result. When Plaintiff returned to Menard, he learned that he had sustained a broken bone (Doc. 1, p. 6).

Plaintiff could not file a lawsuit because he was denied access to legal supplies after returning from the hospital (Doc. 1, p. 7). He was placed on crisis watch in the HCU. Plaintiff's psychologist, Defendant Sauerwein, would not let Plaintiff have a pen, paper, or legal forms. The HCU staff also denied Plaintiff access to these items. The warden, internal affairs lieutenant, and Lisa Weitekamp also failed to help Plaintiff secure his health care records before filing this lawsuit (Doc. 1, pp. 7-8).

---

[1] Plaintiff alleges that the unknown correctional officer worked in 5-gallery in April and/or May 2012.
[2] Plaintiff alleges that the unknown lieutenant worked the 7:00-3:00 shift in the North 2 cell house in April and/or May 2012.
[3] Plaintiff alleges that the unknown nurse worked at Menard's HCU in April and/or May 2012.
[4] Plaintiff did not identify a specific injury in the complaint.

## **DISCUSSION**

The Court finds it convenient to divide the complaint into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Eighth Amendment claim against Defendants for use of excessive force.

**Count 2:** Eighth Amendment claim against Defendants for deliberate indifference to a serious medical need.

**Count 3:** First Amendment claim against Defendants for denial of access to the courts.

### **Count 1 – Excessive Force**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment excessive force claim (Count 1) against Defendants Unknown Correctional Officer and Unknown Lieutenant. Therefore, Plaintiff shall be allowed to proceed on Count 1.

This claim fails against the remaining defendants. Plaintiff has not alleged that the other defendants were involved in the use of excessive force against him. To be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff does not suggest that the remaining defendants participated, in any way, in the 2012 assault. Therefore, Plaintiff shall not be allowed to proceed on Count 1 against Defendants Unknown Nurse, Warden, Internal Affair Lieutenant, Sauerwein, or Weitekamp.

**Count 2 – Deliberate Indifference to Serious Medical Needs**

Accepting the allegations in the complaint as true, the Court finds that Plaintiff has also articulated a colorable Eighth Amendment deliberate indifference claim (Count 2) against Defendant Unknown Nurse for failing to treat his broken bone and for overmedication. Accordingly, Plaintiff shall be allowed to proceed on Count 2.

However, this claim fails as to the remaining defendants. Plaintiff has not alleged any of the remaining defendants personally participated in denying him medical treatment. Accordingly, he shall not proceed on Count 2 against Defendants Unknown Correctional Officer, Unknown Lieutenant, Warden, Internal Affair Lieutenant, Sauerwein, or Weitekamp.

**Count 3 – Denial of Access to Courts**

Plaintiff has not articulated a colorable claim for denial of access to the courts (Count 3) against Defendants. Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to 42 U.S.C. § 1983. In the instant case, Plaintiff does not make a single allegation which would describe an actual or potential limitation on his access to the courts. Actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). Accordingly, Count 3 against Defendants Unknown Correctional Officer, Unknown Lieutenant, Unknown Nurse, Warden, Internal Affair Lieutenant, Sauerwein, and Weitekamp shall be dismissed with prejudice.

**Discovering the Names of the Unknown Defendants at Menard**

It is impossible to pursue a claim against unidentified defendants. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) (Eighth Amendment deliberate indifference claim

requires identification of the culprits because the claim fails "[w]ithout minds to examine."). Thus, Plaintiff must discover the names of the Menard defendants, in order to pursue his claims against them. It is common in prisoner cases for the plaintiff to name a high-ranking prison or jail official as a defendant for the sole purpose of identifying unknown defendants through discovery. In this case, Plaintiff has named Menard's warden and has also attempted to raise claims against the warden.

Although Plaintiff has failed to state a claim against the warden, the Court may assist Plaintiff "by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) ("Depending on the particular circumstances of the case, the court may assist the plaintiff . . . by allowing the case to proceed to discovery against huigh-level administrators with the expectation that they will identify the official personally responsible"). In order to assist Plaintiff in identifying the proper defendants in this action, the Clerk shall be directed to add Menard's current warden, Rick Harrington, as a defendant, for the sole purpose of identifying unknown defendants through expedited discovery. Once Plaintiff discovers their names, he will be required to amend his complaint to include those defendants, and all defendants will be served with the summons and amended complaint.

## PENDING MOTIONS

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 16) is **DENIED** as **MOOT** because leave was granted on July 22, 2013.

## DISPOSITION

The Clerk shall substitute **WARDEN RICK HARRINGTON** for Defendant Menard Unknown Warden. Defendant Harrington shall be named in this action for the sole purpose of identifying the unknown defendants at Menard through expedited discovery.

**COUNT 3** is **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted.

**DEFENDANTS INTERNAL AFFAIR LIEUTENANT, SAUERWEIN, AND WEITEKAMP** are dismissed with prejudice from this action.

The Clerk of Court shall prepare for Defendant **HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the

Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including expedited discovery aimed at identifying the unknown defendants at Menard.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 20, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge